UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David Anthony Britton, Jr., | ) | CASE NO. 4:15 CV 637 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| Carolyn W. Colvin, | ) | **Memorandum of Opinion and Order** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker ("R&R")(Doc. 15) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed objections to the R&R. For the reasons that follow, the objections are well-taken. The R&R is REJECTED and the decision of the Commissioner is VACATED. This matter is REMANDED to defendant for further proceedings.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

1

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term '*de novo*' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

**ANALYSIS**

The facts and medical evidence are fully set forth in the R&R and need not be restated herein.

Plaintiff objects to the R&R on two grounds.  Plaintiff claims that the ALJ erred in applying the treating physician rule.  Plaintiff also argues that the ALJ erred in assessing plaintiff's credibility.  Because the Court finds that the ALJ erred in applying the treating physician rule, the Court will address this issue first.

Under Sixth Circuit law, the opinion of a treating physician is given controlling weight if such opinion (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "is not inconsistent with the other substantial evidence in [the] case record." *Meece v. Barnhart*, 192 F. App'x 456, 560 (6th Cir. 2006) (quoting 20 C.F.R. § 404.1527(d)(2)). In the event the ALJ concludes that the medical opinion is inconsistent with the other substantial evidence, the opinion may be given less than controlling weight, but should not be rejected. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009)  (Soc. Sec. Rul. 96-2p). Furthermore, "[t]reating source medical opinions are still entitled to deference and must be

2

weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Id*.  In the event the treating physician's opinion is not given controlling weight, the ALJ must determine how much weight is appropriate for the opinion and must consider: (1) the length, frequency, nature, and extent of the treatment relationship; (2) consistency of the physician's conclusions; and (3) any specialization of the treating physician.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

Plaintiff argues that the ALJ erred in assigning little weight to the opinions of Drs. Rosian and Ricciardi.[1]  According to plaintiff, there are significant clinical findings in the record that support the opinions of these treating physicians.  Specifically, plaintiff points to the clinical findings that Dr. Rosian checked off in connection with her arthritis questionnaire wherein she noted that plaintiff suffered from, among other things, an abnormal gait, reduced range of motion in the neck and hip, reduced grip strength bilaterally, and tenderness in the neck and low back.  Similar findings are also reported in her treatment notes.  Plaintiff also points out that a laboratory finding demonstrated an elevated sedimentation rate.  As such, plaintiff argues that Dr. Rosian's opinion is well supported by clinical findings.  Plaintiff also notes that Dr. Ricciardi based his opinions on evidence of arthralgias, back pain, and pulmonary function testing.

Upon review, the Court agrees with plaintiff that the ALJ erred in applying the treating physician rule.  Here, plaintiff has a long history of treating with both Drs. Rosian and Ricciardi.  Both physicians opined that plaintiff is capable of standing/walking for 0-1 hours per day.  (R.513, 519).  Although the ALJ acknowledges that plaintiff suffers from a "long history of

---

[1]   The Court notes that the ALJ erroneously referred to Dr. Ricciardi as Dr. Santuccio.  Santuccio is Dr. Ricciardi's first name.

3

psoriasis and psoriatic arthritis" as well as "recurrent skin lesions and swollen joints," he assigned "little weight" to both opinions. In support of his conclusion, the ALJ noted that there are "multiple references to normal exams with no signs of edema or other motor, sensory, or neurological deficits." As plaintiff points out, however, it is not clear from the medical evidence whether the limitations found by plaintiffs' treating physicians would be expected to be caused from motor, sensory, or neurological deficits. Thus, the lack of findings in this regard is not necessarily relevant. Moreover, the ALJ cites to only four treatment records which showed no signs of "edema or other motor, sensory, or neurological" deficits. But plaintiffs' treatment notes *consistently* (and over an extensive treatment history with multiple physicians) show treatment for pain and joint problems resulting from psoriatic arthritis. The ALJ also purports to support the weight assigned to the treating sources by noting that plaintiff received steroid injections. He acknowledges that Dr. Rosian reports "limited range of motion, swelling, and tenderness in the claimant's knees, shoulders, and wrists." He then notes that "regular steroid injections appear to decrease the claimant's pain...." It is not readily apparent from the record, however, that plaintiff received "regular" steroid injections or that the injections occurred anywhere other than the knee.

      The ALJ further attempts to support the weight afforded to the treating physician opinions by citing to an examination conducted by a state agency consultive examiner. Yet, the ALJ assigned "little weight" to the consultive examiner's opinion as well. The ALJ did this even though the examiner's opinion is fairly consistent with the opinions of Drs. Rosian and Ricciardi,

4

at least with respect to the "sit/walk" limitation.[2]  In all, the ALJ afforded "little weight" to every single medical opinion directed at plaintiff's psoriatic arthritis.  While this will not necessarily result in error, the Court finds that the ALJ's failure to fully articulate reasons for assigning little weight to the opinions of the treating sources requires remand in this case.  The ALJ fails to point to substantial evidence in the record that is inconsistent with the opinions of the treating physicians.[3]  This error is exacerbated by the fact that the ALJ fails to note the length and frequency of the visits with the treating physicians or the special qualifications of Dr. Rosian.  Accordingly, remand is required so that the ALJ can properly apply the treating physician rule.

Because the Court has determined that remand is appropriate with respect to the treating physician rule, the Court need not reach plaintiff's argument that the ALJ failed to properly assess plaintiff's credibility.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/2/16

---

[2] The Court notes that the state agency examiner determined that plaintiff is capable of walking/standing for a total of only 2 hours per day.

[3] The ALJ also relies on the fact that plaintiff is capable of driving "short distances" and apparently planned to attend a water park.  As an initial matter, it is not at all clear whether plaintiff actually attended a water park and, if so, if he participated at the park.  Moreover, driving short distances is not inconsistent with the opinions of the treating physicians.  Therefore, it cannot be relied on to support a reduction in the weight afforded these opinions.